### No. 5109.

STATE ex. rel. J. O. HOWELL, Tax Collector, v. CHARLES McVEA.

The power delegated to police juries by the Legislature to levy taxes for parochial uses, and the special power to levy a uniform per centum on every species of property, trade or profession on which the State assesses a tax, is not unconstitutional.

APPEAL from the Court of Justice of the Peace, Fifth Ward, parish of East Feliciana. *Nelson, J. F. D. Brame,* District Attorney, pro tem., for plaintiff and appellee. *Kernan & Lyons, D. J. Wedge, J. G. Kilbourne,* for defendant and appellant.

TALIAFERRO, J. The defendant appeals from a judgment rendered by a justice of the peace of the parish of East Feliciana, condemning him to pay twenty dollars, the amount of a parish license tax assessed against him for the year 1873, as an attorney at law, and twenty per cent. special damages and five per cent. interest from judicial demand. He resists the enforcement of this tax on the ground that the police jury of the parish has no legal or constitutional power to levy a license tax upon any occupation, trade or calling whatever; that the Legislature is not vested by the constitution with power to levy any specific license tax on any trade, occupation or calling, but only power to levy an income tax in proportion to the business done; that the constitution did not grant to police juries any power to levy an income or license tax on any occupation, trade or calling, and that the license tax demanded from the defendant is unwarranted by law, illegal, and for which he is not liable.

The relator took out an injunction restraining the defendant from the practice of his profession on the ground of his refusal to pay the tax required. The injunction was dissolved on bond.

The relator asks an amendment of the judgment reinstating the injunction.

We think the ground assumed by the defendant not tenable. He concedes in argument that the Legislature has by the constitution the power to levy a license tax, but contends that the constitution has not granted that power to police juries, nor conferred upon the Legislature

the power to delegate it to those bodies. Neither has the constitution expressly conferred upon police juries the power to levy any other tax whatever, nor clothed the Legislature with power to delegate to police juries the power to levy any tax. The defendant holds that "the constitution and laws have conferred ample power upon police juries to raise a revenue from the property of the people sufficient for the administration of parochial affairs, but have not conferred the power to levy the unjust tax upon occupations. The constitution is entirely silent upon this subject. No such body as a police jury is named or recognized in the constitution. But the laws enacted by the Legislature have conferred this power upon police juries and conferred it by delegation, and yet this power of delegation is not mentioned in the constitution because it was wholly unnecessary that it should be. The constitution established the legislative branch of the government and invested it with ample power to enact laws for the interests and welfare of the State, unrestricted save by the prohibitions expressed in the organic law, State or National. The form of its legislation is within its own discretion. For local interests it may, in its judgment, establish parochial or municipal corporations, and clothe them with the power of local legislation necessary for the purposes of their creation. This is not prohibited by the constitution. This doctrine is elementary. It springs from the principles lying at the foundation of government. If, therefore, the Legislature can delegate to a police jury the power to levy a tax for parochial purposes, it may prescribe more than one form in which that tax may be laid. Accordingly we find among the enumerated forms granted to police juries, both the general power to levy taxes for parochial uses, and the special power to levy a uniform per centum on every species of property, trade or profession, on which the State assesses a tax. We conclude therefore that the police jury of the parish of East Feliciana is vested with power to-levy the tax in question, and that the defendant is liable to pay it.

The exception taken to the jurisdiction of the court before which the suit was brought and to the form in which it was brought we think was properly overruled.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Judge Howell took no part in this decision.